George Anthony Bleus, Esq.
bleusandassociates@gmail.com
Bleus & Associates, LLC
2633 Dakota NE
Albuquerque, New Mexico 87110
PH (505) 884-9300
F (505) 884-9305
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

CHAD KIM; and
DANAE KIM,

        Plaintiffs,

v.

ZUZANNA A. CZERNY;
MAGDALENA Z. CZERNY;
PROGRESSIVE ADVANCED
INSURANCE COMPANY,

        Defendants

No.

**PLAINTIFFS' COMPLAINT FOR
PERSONAL INJURIES**

## <u>COMPLAINT FOR PERSONAL INJURIES</u>

**NOW COMES** Plaintiffs Chad Kim and Danae Kim, by and through their attorneys, Bleus & Associates, LLC, and for their *Complaint* state:

That Plaintiffs' action has been removed to this Court by Defendants based upon complete diversity of the parties hereto, and that Plaintiffs hereby acquiesce to the jurisdiction of this Honorable Court.

That Plaintiff Chad Kim was at all times relevant and material hereto, is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

That Plaintiff Danae Kim was at all times relevant and material hereto, is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

1    That upon information and belief Defendant Zuzanna A. Czerny at all times relevant and

2   material hereto, was and is a resident of the City of Phoenix, County of Maricopa, State of

3   Arizona.

4    That upon information and belief Defendant Magdalena Z. Czerny at all times relevant and

5   material hereto, was and is a resident of the City of Phoenix, County of Maricopa, State of

6   Arizona.

7    That upon information and belief, Defendant Progressive Advanced Insurance Company

8

9   (hereinafter referred to as "Progressive Advanced") is a foreign corporation doing business in the

10  State of Arizona; is a subsidiary of Progressive Insurance Co., which conducts business in all 50

11  states in the Union by and through its subsidiary entities, issuing automobile liability insurance

12  policies to policy holders that travel through interstate commerce.

13    That the accident which forms the basis of the instant lawsuit occurred within the County

14  of Maricopa, State of Arizona.

15

16    That injuries and medical care and treatment complained of by all Plaintiffs occurred and

17  continue within the State of New Mexico.

18    That Defendant Progressive Advanced subjects itself to proper service by and through its

19  registered agent for service of process, the Superintendent of Insurance, located in Santa Fe, New

20  Mexico.

21    That the Plaintiffs had a good faith belief that jurisdiction would be proper in the State of

22  New Mexico at the time of the filing of the initial Complaint on November 4, 2016.

23

24    That the statute of limitations governing the instant case was tolled as a result of the

25  Plaintiff's timely filing of a Complaint for Personal Injury in the State of New Mexico on

26  November 4, 2016, in accordance with equitable and statutory tolling principles.

27

28

2

That the instant case, having been once dismissed *without prejudice* for lack of personal jurisdiction in New Mexico, may be filed in the instant jurisdiction and properly continued in accordance with tolling principles and principles governing justice and fairness.

That jurisdiction and venue of the Court are proper in the United States District Court for the District of Arizona, pursuant to Section 38-3-1 NMSA 1978.

That on or about January 13, 2015, at approximately 4:00 p.m., Plaintiff, Chad Kim was the operator of a motor vehicle traveling northbound along a public way, known as SR101, while in the City of Tempe, County of Maricopa, State of Arizona.

That on or about the same date and time, Plaintiff Danae Kim, was a passenger in a motor vehicle being operated by Plaintiff, Chad Kim.

That on or about the same date and time, Defendant Zuzanna A. Czerny was the operator of a motor vehicle also traveling northbound along a public way, known as SR101, while in the City of Tempe, County of Maricopa, State of Arizona.

That on the same date and time, Defendant Zuzanna A. Czerny did negligently, carelessly, recklessly and/or in violation of the laws and regulations of the State of Arizona maintain, control and/or operate a motor vehicle so as to cause the motor vehicle to collide into the rear end of a motor vehicle being operated by Plaintiff Chad Kim.

That Defendant Zuzanna A. Czerny did negligently operate a motor vehicle while exhibiting: driver inattention; failing to keep a proper lookout for traffic; and/or following too closely; and subsequently caused her motor vehicle to collide into the rear of Plaintiff Chad Kim's passenger vehicle, causing an accident and injury to both Plaintiffs.

That Defendant Zuzanna A. Czerny did negligently operate a motor vehicle in an unsafe manner; failed to exercise due care while operating a motor vehicle; and/or failed to yield the right

of way, and subsequently caused her motor vehicle to collided into the rear of Plaintiff Chad Kim passenger vehicle, causing an accident and injury to both Plaintiffs.

That as a result of the impact, Plaintiffs Chad Kim and Danae Kim suffered severe personal injuries to their bodies with a subsequent loss of function as a direct and proximate result of the collision.

That as a further result of Defendant Zuzanna A. Czerny's negligence, Plaintiffs Chad Kim and Danae Kim did incur medical damages and out of pocket expenses as a direct and proximate result of their injuries.

That as a result of Defendant Zuzanna A. Czerny's negligence, Plaintiffs Chad Kim and Danae Kim, did incur property damages and other out of pocket expenses as a direct and proximate result of the accident and corresponding impact.

That Defendant Zuzanna A. Czerny owed Plaintiffs Chad Kim and Danae Kim, a duty to exercise reasonable care in the operation of a motor vehicle.

That Defendant Zuzanna A. Czerny negligently breached that duty by failing to operate a motor vehicle in a safe, reasonable and prudent manner.

That at the abovementioned time and place, the motor vehicle being operated by Defendant Zuzanna A. Czerny was owned and/or insured by Defendant Magdalena Z. Czerny.

That on the date of the crash which forms the basis of this lawsuit, Defendant Magdalena Z. Czerny negligently entrusted a motor vehicle to Defendant Zuzanna A. Czerny and is vicariously liable for the negligence of Defendant Zuzanna A. Czerny.

Defendant Magdalena Z. Czerny is liable for the negligent acts of Defendant Zuzanna A. Czerny under the family purpose doctrine and/or the doctrine of respondent superior.

## COUNT I

## NEGLIGENCE AND NEGLIGENCE PER SE

# DEFENDANT ZUZANNA A. CZERNY

Plaintiffs incorporate the foregoing allegations as though fully set forth herein.

That on or about January 13, 2015, Defendant Zuzanna A. Czerny, by and through her acts and/or omissions, was negligent in the operation of a motor vehicle at the time and place in question and was the proximate cause of the occurrence, which is the subject of this cause of action.

That at the time of the aforementioned collision, there were in force and effect certain Arizona Statutes that were violated by Defendant Zuzanna A. Czerny, including but not limited to the following:

a.   A.R.S. § 28-644 Obedience to and required traffic control devices;

b.   A.R.S. §28-663 Duty to give information and assistance;

c.   A.R.S. § 28-672 Causing serious physical injury or death by a moving violation;

d.   A.R.S. § 28-676 Causing serious physical injury by use of a vehicle;

e.   A.R.S. § 28-693 Reckless driving;

f.   A.R.S. § 28-695 Aggressive driving;

g.   A.R.S. § 28-701 Reasonable and prudent speed; prima facie evidence;

h.   A.R.S. § 28-701.02 Excessive speeds;

i.   A.R.S. § 28-709 Maximum speed limit for large vehicles and vehicles with trailers;

j.   A.R.S. § 28-723 Overtaking a vehicle on the left;

k.   A.R.S. § 28-729 Driving on roadways laned for traffic;

l.   A.R.S. § 28-730 Following too closely;

m.   A.R.S. § 28-736 Use of highway lanes; restrictions;

n.  A.R.S. § 28-754 Turning movements and required signals;

o.  A.R.S. § 28-896 Towing trailer; lateral sway;

p.  A.R.S. § 28-1524 Offense by person owning or controlling vehicle;

That Plaintiffs Chad Kim and Danae Kim while traveling in a motor vehicle in the State of Arizona were in the class of individuals contemplated by the Legislature as the intended class to be protected by the Arizona motor vehicle laws.

As a direct and proximate result of the negligence, negligence per se, acts and/or omissions of Defendant Zuzanna A. Czerny, Plaintiffs Chad Kim and Danae Kim have suffered physical injuries and required medical treatment for their injuries and may continue to require medical treatment for their injuries in the future.

As a further direct and proximate result of the negligence, negligence per se, acts and/or omissions of Defendant Zuzanna A. Czerny, Plaintiffs Chad Kim and Danae Kim have suffered and will continue to suffer, a loss of household services, recreational activities and a loss of enjoyment of life.

As a further direct and proximate result of the negligence, negligence per se, acts and/or omissions of Defendant Zuzanna A. Czerny, Plaintiffs Chad Kim and Danae Kim have suffered and will continue to suffer pain and suffering and loss of society.

As a further direct and proximate result of the negligence, negligence per se, acts and/or omissions of Defendant Zuzanna A. Czerny, Plaintiffs Chad Kim and Danae Kim have suffered and will continue to suffer, property damages and out of pocket expenses.

All of the injuries to Plaintiffs Chad Kim and Danae Kim relating to the aforementioned collision are due to the negligence, carelessness and/or reckless conduct of Defendant Zuzanna A. Czerny, without any contributing negligence on the part of Plaintiffs Chad Kim and Danae Kim.

## COUNT II

6

## NEGLIGENT ENTRUSTMENT & VICARIOUS LIABILITY
## DEFENDANT MAGDALENA Z. CZERNY

That on or about January 13, 2015, Defendant Magdalena Z. Czerny negligently entrusted a motor vehicle to Defendant Zuzanna A. Czerny.

That Defendant Magdalena Z. Czerny negligently entrusted a motor vehicle to Defendant Zuzanna A. Czerny, while either knowing or should have known that Defendant Zuzanna A. Czerny was unfit to operate said motor vehicle.

As a direct and proximate result of the vicarious liability and negligent entrustment by Defendant Magdalena Z. Czerny to Defendant Zuzanna A. Czerny, Plaintiffs Chad Kim and Danae Kim suffered physical injuries and required medical treatment for those injuries and may continue to require medical treatment for those injuries in the future.

As a further direct and proximate result of the vicarious liability and negligent entrustment by Defendant Magdalena Z. Czerny to Defendant Zuzanna A. Czerny, Plaintiffs Chad Kim and Danae Kim suffered and will continue to suffer, a loss of household services, recreational activities and a loss of enjoyment of life.

As a further direct and proximate result of the vicarious liability and negligent entrustment by Defendant Magdalena Z. Czerny to Defendant Zuzanna A. Czerny, Plaintiffs Chad Kim and Danae Kim suffered and will continue to suffer pain and suffering and loss of society.

As a further direct and proximate result of the vicarious liability and negligent entrustment by Defendant Magdalena Z. Czerny to Defendant Zuzanna A. Czerny, Plaintiffs Chad Kim and Danae Kim suffered and will continue to suffer property damage and out of pocket expenses.

All of the injuries to Plaintiffs Chad Kim and Danae Kim relating to the aforementioned collision are due to the vicarious liability and negligent entrustment by Defendant Magdalena Z.

Czerny to Defendant Zuzanna A. Czerny, without any contributing negligence on the part of Plaintiffs Chad Kim and Danae Kim.

## **CONCLUSION**

**WHEREFORE**, Plaintiffs Chad Kim and Danae Kim pray for judgment against the Defendant(s) Zuzanna A. Czerny; Magdalena Z. Czerny; and Progressive Advanced in an amount to be proven at Trial for all of her damages as follows:

a.   For medical expenses incurred as a result of the negligence of the Defendant(s);

b.   For future medical expenses to be proven at the time of trial;

c.   For past and present pain and suffering damages;

d.   For future pain and suffering damages;

e.   For damages for loss of quality of life;

f.   For punitive damages;

g.   Out of pocket expenses and costs;

h.   For lost wages (if applicable);

i.   For loss of earning capacity (if applicable);

j.   For costs and attorney's fees incurred in bringing this action, as allowed by law;

k.   For pre and post judgment interest;

l.   For such other and further relief as the Court deems just and proper.

DATED this 5th day of September, 2017 and respectfully submitted by:

**BLEUS & ASSOCIATES, LLC**

/s/ George Anthony Bleus
George Anthony Bleus
2633 Dakota St NE
Albuquerque, NM 87110
*Attorney for Plaintiffs*