# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Kim, et al., | No. CV-17-03031-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Zuzanna A Czerny, et al., | |
| Defendants. | |

At issue is Defendants Zuzanna and Magdalena Czerny's motion for judgment on the pleadings, which is fully briefed. (Docs. 12, 14, 15.) For the following reasons, the motion is denied.

## I. Background

Plaintiffs Chad and Danae Kim, who are New Mexico residents, allege that they were injured in an automobile accident that occurred on January 13, 2015 in Tempe, Arizona. They claim that the accident was caused by Defendants, who are Arizona residents.

Plaintiffs initially and timely filed suit against Defendants in New Mexico state court in November 2016. Defendants were served and the New Mexico action was removed to the United States District Court for the District of New Mexico. Eventually, the New Mexico action was dismissed without prejudice after the district court concluded that it lacked personal jurisdiction over Defendants. Plaintiffs then filed this action on

September 6, 2017, alleging that the timely filing and diligent prosecution of their New Mexico action equitably tolled the two-year statute of limitations for personal injury actions in Arizona. A.R.S. § 12-542(1).

## II. Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, a motion for judgment on the pleadings should not be granted if the complaint is based on a cognizable legal theory and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

## III. Discussion

Defendants argue Plaintiffs' complaint lacks a cognizable legal theory because it was filed outside the limitations period. Plaintiffs concede that this action was filed more than two years after the accident, but contend that limitations period was tolled as a result of the timely New Mexico action pursuant to A.R.S. § 12-504(A), Arizona's "savings statute."

The savings statute provides, in relevant part:

> If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination.

A.R.S. § 12-504(A). Relief under the savings statute is discretionary. When determining whether a plaintiff should be permitted to refile:

> the court should ascertain whether the plaintiff acted reasonably and in good faith, whether he prosecuted his case diligently and vigorously, whether a procedural impediment exists which affects his ability to file a second action, and whether either party will be substantially prejudiced. . . . The burden is on the plaintiff to present the particular circumstances that justify relief under § 12-504.

*Jepson v. New*, 792 P.2d 728, 735 (Ariz. 1990) (internal quotation and citation omitted).

Here, it is undisputed that: (1) Plaintiffs timely filed their personal injury action in New Mexico, (2) the New Mexico action was dismissed without prejudice for lack of personal jurisdiction, and (3) Plaintiffs commenced this action for the same cause after the expiration of the limitations period but within six months after their New Mexico action was dismissed. Plaintiffs therefore meet all the requirements of the statute.[1] As for the discretionary factors, there is no suggestion that Plaintiffs failed to diligently prosecute their case in New Mexico. Defendants instead argue that Plaintiffs had no good faith basis for believing the action could be maintained in New Mexico, and that the resulting delay has caused prejudice because the parties' and witnesses' memories likely have diminished in the time that has passed. (Doc. 15 at 2-3.) The Court disagrees.

First, the Court is not persuaded that Plaintiffs had no good faith basis for filing their lawsuit in New Mexico. Simply because Defendants are not residents of New Mexico does not mean that Plaintiffs could not have reasonably believed that Defendants had other sufficient minimum contacts with New Mexico to confer personal jurisdiction. Moreover, Plaintiffs have also named Progressive Insurance Company as a defendant, and they might reasonably have believed that Progressive's contacts with New Mexico were sufficient to maintain the suit.

Second, this action was filed approximately two years and seven months after the accident. The Court doubts that the extra seven months have rendered memories of the accident unreliable, especially when the New Mexico action was timely filed and

---

[1] Defendants argue that the statute "should not operate to provide relief from the statute of limitations where a case is dismissed from one federal court and filed in another." (Doc. 15 at 2-3.) Nothing in the statute, however, imposes such a limitation, and Defendants cite no legal authority supporting their argument.

diligently litigated and the parties were therefore presumably taking steps to preserve evidence of the incident.

**IV.  Conclusion**

For these reasons, the Court concludes that this action is timely by operation of Arizona's savings statute.

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (Doc. 12) is **DENIED**.

Dated this 27th day of December, 2017.


Douglas L. Rayes
United States District Judge